KNAPP v. THE SIOUX CITY & PACIFIC R'Y CO.

1. **Practice in Supreme Court**: QUESTIONS PASSED UPON BELOW ALONE CONSIDERED: INSTANCE. Where defendant, for a special reason stated, going to the merits of the case, moved the court to direct the jury to return a verdict in its favor, and the court did so, it must be presumed that it did so for the reason stated; and if that reason was not good in law, the ruling must be reversed, even though it may be urged (for the first time) in this court that the ruling was right for another reason, viz., a variance between the petition and evidence; for, if the motion had been sustained by the trial court for that reason, plaintiff would have had the right to cure the variance by amendment.

2. **Railroads**: RISKS ASSUMED BY ENGINEER: PROXIMATE CAUSE OF INJURY: RULE APPLIED. The plaintiff was one of defendant's locomotive engineers, and sues on account of injuries received in reversing his lever at a time when, on account of the alleged defect of the road, the train left the track. *Held* that, while the ordinary hazards of reversing the lever were assumed by plaintiff as a part of his employment, yet, if the negligence of defendant required such act to be done at that particular time, and the plaintiff was not guilty of negligence, but, on the contrary, acted prudently, with due regard to his own safety and the safety of others, then defendant is liable, because its negligence was the proximate cause of the injury. See authorities cited in opinion.

*Appeal from Pottawattamie District Court.*

FRIDAY, OCTOBER 24.

THE plaintiff is a locomotive engineer, and was in the employ of the defendant, and the petition states that while the plaintiff, as such engineer, was in charge of a locomotive drawing a train of cars over defendant's road, the "locomotive and train were thrown from the track," and the plaintiff's right arm broken; that the "accident was caused by negligence and the faulty construction of the track;   *   *   * that the ties were rotten, and insufficient to hold the sleepers and rails, or weight of a passing train;" and that the accident was not caused by the negligence of the plaintiff. The material allegations of the petition were denied. Trial by

jury, and judgment for the defendant. The plaintiff appeals.

*Sapp, Lyman & Pusey,* for appellant.

*Wright & Baldwin* and *Joy, Wright & Hudson,* for appellee.

SEEVERS, J.—I. The material question presented in this record is whether the negligence of the defendant was the proximate cause of the injury received by the plaintiff. The evidence tended to show that the rails spread, and a portion of the train left the track. The locomotive remained, at least partly, on the track. The train consisted of the engine and several freight cars. When the plaintiff found the train was about to run off, or that a portion of it was off the track, he caught the lever, and in reversing it his arm was broken. His object in reversing the lever was to check as soon as possible the speed of the train. At the conclusion of the plaintiff's evidence, the defendant filed a motion which is in these words: "Now comes the defendant and moves this court to instruct the jury to return a verdict for the defendant, and for grounds of said motion states: (1) That the undisputed testimony discloses that the injury for which the plaintiff seeks to recover in this case was received by plaintiff while reversing his engine, and that the risk of accident in the operation of the engine is one incident to the employment, for which plaintiff has no right of action; (2) That plaintiff has not shown that the defective ties and track occasioned the injury complained of, but that the same occurred and was sustained while reversing the engine." The motion was sustained, and the jury instructed accordingly.

It will be observed that the petition states that the accident which caused the injury was caused by the locomotive and train being thrown from the track, and counsel for the appellee insist that the evidence shows that the engine did

*Margin note:* 1. PRACTICE in supreme court: questions passed upon below alone considered: instance.

not leave the track, and that it affirmatively appears that the injury was the result of the act of the plaintiff in reversing the lever, and therefore there is a material variance between the allegations of the petition and the proof. For this reason it is insisted that the court rightly directed the jury to find for the defendant. It must be presumed that the court gave the direction asked on the grounds stated in the motion. It does not appear therefrom that the defendant claimed in the district court that there was a variance, and that for this reason the jury should be directed to find for the defendant. Such question cannot be raised for the first time in this court. Had the motion been based on such ground, the right to amend would have existed. It would be manifestly unjust to deprive the plaintiff of such right. This, however, would be the effect, if we should affirm the judgment of the district court.

II. The plaintiff was injured while he was reversing the lever. There is no evidence tending to show that this was rendered more difficult because the train, or a portion of it, was off the track. If the lever had not been reversed, it cannot be said that the plaintiff would have been in any respect injured. It must, however, be assumed that when a train leaves the track the lives of the employes are endangered. The lever is moved forward, as we understand, for the purpose of starting the train or increasing its speed, and is reversed when it is desired to stop the train as speedily as possible. This forward and backward movement of the lever, no doubt, frequently occurs in a day's run. The use, therefore, of the lever must be regarded as one of the incidents and hazards of the plaintiff's employment, and for an accident happening by such use, by which the engineer is injured, it will be conceded that the defendant cannot ordinarily be held liable. The immediate cause of the injury received by the plaintiff was the reversal of the lever. The lever was reversed because the train left the track, and this was caused by the spreading of

*2. RAIL-ROADS: risks assumed by, engineer: proximate cause of injury: rule applied.*

the rails caused by the defective condition of the track. There was, therefore, a combination of immediate causes remotely preceded by others. No event can occur, it is believed, which is entirely independent. " The links in the chain of causation are endless." The law has adopted a practical rule that the proximate cause of an injury only can be recognized. When it is ascertained, further inquiry is closed. The real difficulty lies in the application of the rule. An eminent judge has said: " The general rule of law, we understand, is that, where two or more causes concur to produce an effect, and it cannot be determined which contributed most largely, or whether, without the concurrence of both, it would not have happened at all, and a particular party is responsible only for the consequences of one of these causes, a recovery cannot be had, because it cannot be judicially determined that the damage would have been done without such concurrence, so that it cannot be attributed to that cause for which he is answerable." SHAW, C. J., in *Marble v. City of Worcester*, 4 Gray, 395. The same rule has been more briefly stated by BECK, J., in *Dubuque Wood & Coal Ass'n v. City and County of Dubuque*, 30 Iowa, 176. Conceding this to be a correct statement of the law, we have to inquire whether the district court correctly applied it to the facts of this case, and we feel constrained to say that, in our opinion, it did not.

Ordinarily, trains remain on the track. If they do not, it must, ordinarily, be assumed that it is caused by the negligence of some one, unless the accident appears to have been inevitable. In this case it must be assumed that the negligence of the defendant caused the train to leave the track. The plaintiff was called on in a sudden emergency to act. It cannot be expected that he would remain passive. He was justified in so acting as to best protect himself and preserve the property under his charge. If he had sprung from the engine to the ground and been injured, he undoubtedly could have recovered, provided he acted prudently in so doing. *Buel v. New York Cent. R. Co.*, 31 N. Y., 314; *Coulter v.*

*American M. U. Exp. Co.*, 5 Lans., 67. Instead of doing this, he concluded to reverse the lever. Now, whether this was the proper thing to do, and whether the plaintiff was negligent in so doing, it was for the jury to say. Conceding that plaintiff was not negligent, and that the injury was not received because of inevitable accident, then it must follow that the negligence of the defendant caused the injury. True it is that reversing the lever is one of the ordinary hazards of the plaintiff's employment; yet, if the negligence of the defendant required such act to be done at that particular time, and the plaintiff was not guilty of negligence, but, on the contrary, acted prudently, with due regard for his own safety and the safety of others, then •the defendant is liable, because the negligence of the defendant is the proximate cause of the injury.

We are unable to distinguish this from the *Squib Case*, which was decided years ago, and has been frequently referred to. In that case a squib was thrown from place to place, until finally a person was injured by it. The first person who so threw the squib was held liable for the injury. *Scott v. Shepherd*, 2 W. Bl., 892. Each person subsequent to the first threw the squib to protect himself and his property from injury. So, here, the plaintiff reversed the lever to protect himself and the property under his charge from consequences which would probably follow the negligent act of the defendant. See, also, *Palmer v. Andover*, 2 Cush., 600; *Allen v. Hancock*, 16 Vt., 230; *Woodward v. Aborn*, 35 Me., 271. It may possibly be true, as suggested by counsel for the defendant, that, if the plaintiff had been injured as he was while reversing the lever for the purpose of stopping the train to prevent it from running over cattle on the track, the defendant would not be liable, although the cattle got on the track because it was not fenced. It is sometimes exceedingly difficult to determine to which class a case belongs. But there is, and must of necessity be, a dividing line. It may, apparently, in some cases, have the appearance of being arbi-

96            SUPREME COURT OF IOWA,

trary. This cannot be avoided. But we think the failure to fence would be more remote from the immediate cause of the accident than in the case at bar. Besides this, to reverse the lever for such a cause might well be regarded as one of the ordinary hazards.

REVERSED.