HENRY L. SELLECK v. THE LAKE SHORE & MICHIGAN SOUTH-
ERN RAILWAY COMPANY.

*Railroad injury—Proximate cause.*

The illegal obstruction of a highway by a freight train standing across it
is not the proximate cause of the injury which a driver, who is
waiting to get across the track, may suffer from having his horses
frightened by a passing train while he is detained there.

Error to Branch.    (Pealer, J.)    June 18.—Sept. 29.

CASE.    Defendant brings error.    Reversed.

*Millard & Weaver, O. G. Getzen-Danner* and *Ashley Pond* for appellant.    As to proximate cause in cases of negligent injury, see *M. & St. P. Ry. v. Kellogg* 94 U. S. 475 ; *Lewis v. F. & P. M. Ry.* 54 Mich. 55 ; *Pittsburg &c. Ry. Co. v. Stacey* 47 Am. Rep. 385 ; *Fowler v. C. & N. W. Ry.* 17 Am. & Eng. Ry. Cas. 537 ; *L. & N. R. R. Co. v. Guthrie* 11 id. 478 ; *Jackson v. Nash. Chat. & St. L. Ry.* 13 Lea 491 ; *Tisdale v. Norton* 8 Met. 388 ; *Henry v. St. L. K. C. & N. Ry.* 76 Mo. 288 : 43 Am. Rep. 762.

*Jno. B. Shipman* for appellee.

COOLEY, C. J.    The declaration in this case contains but a single count.    It alleges that on September 11, 1883, the plaintiff was

" engaged in the carrying of passengers from a hotel, in the village of Quincy, located on the south side of the defendant's track, by way of a certain public highway therein, called . Main Street, across the railroad track, where it crosses Main street, to the defendant's railroad depot, located on the north side of said track ; and thereupon " on said day " the plaintiff attempted to convey two passengers from the hotel aforesaid to the said depot with a wagon drawn by two horses belonging to and driven by him along the route and street mentioned, the said horses. being of ordinary gentleness and accustomed to being around cars and trains, but arriving at the place aforesaid, on Main street, where the defendant's said railroad intersects and crosses the same, and across which said public highway is constructed, maintained and operated by the said defendant, the plaintiff was forced to stop, by reason of the said highway being there and then obstructed and rendered impassable by the defendant's cars, to-wit, a freight train, composed of a number of cars, to-wit, twenty-five cars, drawn by an engine, all under the care and management of the defendants.    And the defendants did then and there, by their said cars and train, obstruct the said public highway for more than five minutes at one time, to wit, at said time ; that is to say, they negligently and unlawfully obstructed it for more than five minutes immediately. preceding the time when the plaintiff reached the spot as aforesaid, with their said cars and train, and unlawfully

kept and continued the same obstruction therein for fifteen minutes after he reached the place, and carelessly neglected to cut the train and open a passage along said highway across said track at any time during said period of over twenty minutes, but wrongfully left the cars and train standing on the track across the said highway during all that time, totally blockading and preventing travel thereon during all of said period, well knowing people would need to use the street at said time in going to the depot with and without teams and wagons to meet the west-bound passenger train over said railroad, then nearly due at that station, and also knowing that the blockade of said highway, as aforesaid, made it an unsafe and dangerous place for teams to be caught in, and while the plaintiff was thus prevented by the wrong of the defendant from driving along said highway across the railroad track to the place of safety beyond, and while he was thus waiting for the defendants to open the freight train and let him pass through, and after the defendants, by the means aforesaid, had obstructed the said highway for more than five minutes; and while they continued to keep up and maintain said obstruction and blockade of the street, as aforesaid,—the said passenger train, run by the defendant over said railroad, arrived and departed, and as the engine drawing the same approached and passed the street and spot where the plaintiff was waiting as aforesaid, the defendants, by their servants in charge of the said passenger engine, carelessly and recklessly caused the same to exhaust great quantities of steam and, by negligently and wantonly opening various steam-cocks thereon, and by other means, caused it to make a great noise. These, with the smoke and steam driven towards the plaintiff's horses, the ringing of the engine bell, and the roar and confusion of the moving train, being calculated to frighten ordinarily gentle horses, blocked, as were the plaintiff's, by the freight train on said street. And the plaintiff avers that by the wrongful acts of the defendants aforesaid his said horses and team were frightened and became unmanageable, and, without the fault of the plaintiff, and while he was using all due care and diligence to hold and control them, they turned around and overturned the wagon wherein he and his two passengers were sitting, throwing them out, and throwing the plaintiff with great force and violence upon the ground and against the sidewalk, and then the team ran away, dragging the plaintiff on the ground four rods in his efforts to stop them,"

—with averments of special damage, wherefore the plaintiff sues, etc.

It will be observed that two wrongs are imputed to the defendant by this declaration : the *first* being the obstruction of the public street for more than five minutes by one of its trains contrary to the statute ; and the *second*, the carelessly and recklessly causing the passenger engine as it was passing to exhaust great quantities of steam, etc., etc., whereby the plaintiff's team became frightened and unmanageable, etc. As the injury of which the plaintiff complains is alleged to have been caused by this second wrong, the recital of the first was of no legal importance in the case, and can only be understood as made by way of explanation of the horses being where they were when the wrong from which the injury resulted took place. But the explanation is of no importance in the case : the plaintiff had a right to be with his horses where he was, and if the defendant wrongfully caused an injury to him while there, it is responsible without regard to the reason for the plaintiff being there, provided he was himself without fault.

On the trial the plaintiff failed to give any evidence whatever in support of the allegation of wrong to which by his declaration he had attributed the injury. In fact he disproved the allegation by showing that, instead of there being any such careless and reckless conduct, nothing unusual occurred in the management of the passenger engine. The defense thereupon asked an instruction to the jury that they return a verdict for the defendant ; but this was denied. On the contrary the jury was instructed as follows :

" If the defendant did not obey the law, and did obstruct plaintiff's way there for more than five minutes at a time as complained of, and if the obstruction for the time over five minutes caused the injury, without any contributory negligence on the part of the plaintiff, then the plaintiff should recover.     *     *     *

If, in consequence of such blockade of the highway as I have before named, the plaintiff was unavoidably detained and prevented from passing with his team along it to the depot, until the passenger train, using the usual sig-

nals and making the ordinary noises of moving trains, arrived and passed west, and by reason of this unavoidable detention, and while waiting to pass over the crossing, the plaintiff's team became by those surroundings frightened and unmanageable, without the fault of the plaintiff, while he was using proper care and skill to hold and control them, and they overset the wagon and run away, injuring the plaintiff and his property, the defendant must be held liable for the damages thereby resulting to him."

These instructions were erroneous. The plaintiff had not by his declaration attributed his injury to the illegal detention, and if he had, it would have been idle, for the particular injury of which he complained, namely, the fright and running away of his horses, could not have flowed from that detention as a proximate cause. The discussion of the question of proximate cause by this Court in *Lewis v. Railway Co.* 54 Mich. 55, is so recent and was so full, that further discussion now could do little more than to go over the same ground, and is therefore quite unnecessary. But the recent cases of *Jackson v. Railway Co.* 13 Lea 491 and *Pittsburg &c. Railway Co. v. Staley,* to appear in 41 Ohio State Reports [page 118] are referred to as cases analogous to the present in their facts, and in both of which a conclusion was reached in harmony with the views here expressed.

A new trial must be ordered.

CAMPBELL J. concurred.

SHERWOOD, J.   I concur in the result.