## KNAPP v. THE SIOUX CITY & PACIFIC R'Y CO.

1. **Measure of Damages:** INJURY TO LOCOMOTIVE ENGINEER. Where a sober, prudent and trusty locomotive engineer, less than forty years old, who was earning more than $100 per month, was permanently injured through the negligence of the company for which he was working, so that he could no longer follow his occupation, and could not earn one-third as much as before, *held* that a verdict of damages in the sum of $9,500 was not excessive.

2. **Railroads:** INJURY TO ENGINEER: PROXIMATE CAUSE. Where defendant's negligence in failing to keep its track in repair caused the engine in charge of plaintiff to leave the track, and required plaintiff to reverse the lever in order to arrest the movement of the engine, *held* that, if this was done in the exercise of due care under the circumstances, and injury resulted from his arm or hand being caught in the latch of the lever, the proximate cause of the injury was defendant's negligence, for which it was liable. (Same case, 65 Iowa, 91, followed.)

3. ———: ———: "MEDICAL ATTENDANCE:" WHAT INCLUDED IN. In an action based on a personal injury, plaintiff sought to recover also for "nursing and medical attendance." *Held* that under this claim he was entitled to recover all expenses which, as shown by the evidence, he incurred in procuring medical assistance *and medicines;* and that the jury was properly so instructed. (See opinion for cases distinguished.)

4. ———: RISKS ASSUMED BY ENGINEER: INSTRUCTION. A sentence in an instruction must be read in the light of the rest of the instruction; and an instruction which, when so read, holds, in substance, that a locomotive engineer assumes all the ordinary risks of his employment, but that he does not assume risks arising from the negligence of the company or its employes in failing to keep its road bed in good repair, is approved.

5. **Railroads:** INJURY TO ENGINEER: PROXIMATE CAUSE: QUESTION OF LAW. In an action by a locomotive engineer for a personal injury, *held* that, if the evidence showed that the injury to plaintiff was received by him in the reversing of the engine; that the reversing of his engine at that particular time was rendered necessary or prudent by the fact that part of the train was leaving the track; and that the train, or part of it, was leaving the track on account of the negligence of defendant in keeping the track in repair, then the proximate cause of the injury was defendant's negligence, and that the court properly so instructed as matter of law.

6. ———: ———: CONTRIBUTORY NEGLIGENCE: RISKS ASSUMED. In such case, an' instruction which, in effect, directed the jury that, if plaintiff acted with reasonable skill and prudence in reversing the lever, in view of the haste and sudden emergency in which he was required to act, he did not contribute to the injury, *held* correct, against the objection that he assumed such risks as belonging to his employment.

7. ———: ———: CARE IN INSPECTION OF TRACK. A frequent inspection of the track, and the repairing of it whenever there is an apparent necessity, by the employes charged with such work, is not all the care that a railroad company owes to a locomotive engineer in that respect. There must be proper care as well as frequency in making the inspections, and such repairs must be made as, in the exercise of such care, appear to be necessary.

8. **Damages:** PERSONAL INJURY: LIFE TABLES. In an action for injuries received through negligence, and which are of a permanent nature, life tables are admissible to show the plaintiff's expectancy of life, in order to determine the measure of his damages. (*McDonald v. Chicago & N. W. R'y Co.*, 26 Iowa, 124, followed, and *Nelson v. Chicago, R. I. & P. R'y Co.*, 38 Id., 564, overruled.)

9. **Railroads:** INJURY TO ENGINEER: DEFECTIVE TRACK: INCOMPETENT EVIDENCE OF REPAIRS. In an action for an injury to a locomotive

engineer caused by a defective track, evidence of repairs to the track, which did not tend to show that the repairs had been made at the place of the accident, was properly excluded.

*Appeal from Pottawattamie District Court.*

FRIDAY, MARCH 4.

ACTION to recover for personal injuries sustained by plaintiff while in defendant's employment as a locomotive engineer. There was a judgment upon a verdict for plaintiff. Defendant appeals. This case has before been in this court. See 65 Iowa, 91.

*Wright, Baldwin & Haldane* and *Joy, Wright & Hudson,* for appellant.

*Sapp & Pusey,* for appellee.

BECK, J.—I. The plaintiff claims to recover for injuries sustained by him while exercising proper care in the discharge of his duty as engineer. The petition alleges that the injuries were caused by defective and rotten ties, by reason of which the engine operated by plaintiff was thrown from the track. The allegations of the petition are denied by defendant's answer. Other matters found in the pleadings need not be more particularly referred to here. We will consider the grounds of objection to the judgment in the order they are discussed by defendant's counsel.

II. It is first insisted that the verdict is excessive. It is for $9,500. The injury caused a permanent disability of 1. MEASURE of plaintiff's right arm. While the disability is damages: injury to not total, plaintiff being able to use his arm for locomotive engineer. some light work, he is incapable of following his business of an engineer, and cannot work on a farm, at which he was employed before he commenced working upon railroads. He has not sufficient education to teach school, and the condition of his arm is such that he cannot write, so that he can engage in no clerical occupation. The evidence fails

to show that, with his disability, he can engage in any busi-
ness in which he could earn a living. His case is simply
that of a man of less than forty years of age, who is quali-
fied to perform manual labor requiring skill and experience,
commanding compensation of more than $100 per month,
permanently thrown out of employment through the negli-
gence of defendant, and required to seek other employment
which can be followed by one having a disabled right arm,
and which will yield but inconsiderable compensation com-
pared with his earnings before the injury. He is prevented
by defendant's negligence from pursuing the life business he
had chosen; his plans and purposes are defeated; he cannot
now earn one-third the sum he received for his services
before his injury; he must go through life a *cripple*, with
blighted hopes and disappointed ambition. His employ-
ment as an engineer shows that he is sober, prudent and
trusty, and therefore a good citizen. Surely the usefulness
of such a citizen ought not to be lightly esteemed, and his
sufferings already endured, and the life of humiliation before
him, ought not to be forgotten in determining the compen-
sation he should receive. We think the sum awarded by
the verdict of the jury is not excessive.

III. It is next insisted that the verdict is unsupported
by the evidence. This claim is based upon the position that
2. RAIL-
ROADS:
injury to
engineer:
proximate
cause. 
the injury to plantiff resulted from his arm or
hand being caught in the latch of the lever,
when he reversed it quickly in order to stop the
train after it had left the track, and not from his
arm or elbow coming in contact with the side or end of the
cab, when making the movement, as claimed by plaintiff in
his testimony. We need not inquire which of these theories
is correct. There was evidence to support plaintiff's theory,
and the jury may well have found it to be correct. But if
it be assumed that defendant's theory as to the cause of the
injury be correct, the direct cause was defendant's negligence
in failing to keep the track in proper condition, which

caused the engine to leave the rails, and required plaintiff to reverse the lever in order to arrest the movement of the engine. If this was done in the exercise of due care, and injury resulted, the proximate cause was defendant's negligence which demanded the reversal of the lever in the manner in which it was done by plaintiff. This conclusion was reached by us when the case was here before, and is announced and supported by satisfactory arguments in our opinion then filed. 65 Iowa, 91. The evidence clearly supports the conclusion, which the jury evidently reached, that the track was not in proper repair, which caused the engine to leave it. We are well satisfied that the verdict is sufficiently supported by the evidence.

IV. The court, in the eighth instruction, directed the jury that plaintiff was authorized to recover for the sums 3. ——: ——: which "he expended in procuring medical assist-"medical attendance:" ance and medicines." It is insisted that plaint-whatincluded in. iff makes no claim in his petition for medicines, and cannot recover therefor. But in his petition he seeks to recover for "nursing and medical attendance;" and he testifies to the amount of his expenses incurred in visiting three or four cities for medical treatment; including physicians' bills. He also testifies to the expense incurred by the treatment he received from the physician first employed by him. In our opinion, the claim in the petition for expenses incurred for "medical attendance" covers expenditures for medicine used by the physician in giving such medical attendance. The evidence shows that plaintiff incurred such expenses. In one instance, the expense for treatment, which includes medicine, is distinctly proved. In others, such expenses are included with outlays for travel, etc., in visiting the physicians treating the plaintiff. We think the instruction complained of was applicable to this evidence, and the jury could well have allowed plaintiff all the expenses which, as shown by the evidence, he incurred for "medical assistance and medicine." *Gardner v. Burlington, C. R. & N.*

*R'y Co.*, 68 Iowa, 588; *Stafford v. City of Oskaloosa*, 57 Id., 748; and *Reed v. Chicago, R. I. & P. R'y Co.*, Id., 23, —cited by defendant's counsel, are not applicable to the question involved in this point, for the reason that, in each, there was an entire absence of evidence showing expenses for medicine and attendance of physicians which the jury were authorized by instructions to allow in each case. These instructions were held to be erroneous, for the reason that there was no evidence to which they were applicable.

V.   An instruction in the following language was given to the jury:   " (2) When plaintiff entered the service of defendant as a locomotive engineer, he·

4. ——: risks assumed by engineer: instruction.

assumed all the risks which are incident to the prosecution of that employment in the usual and ordinary way, and under the circumstances usually surrounding the running of a locomotive engine in the operation of a railway; and he cannot recover for any injury which may have come to him in the usual and ordinary prosecution of that business.   But the plaintiff, when he entered such employment, had a right to assume that defendant would use all reasonable care in the keeping of its road and appliances in good order and repair; and if any injury came to him by reason of any negligence of the defendant or its employes, other than his own negligence, this would not be a risk which he assumed as one incident to his employment."   A criticism of this· instruction is made by defendant's counsel, on the ground that the last sentence holds defendant liable for damages resulting from all negligence of defendant's employes.   The whole instruction must be read together, and especially must the last sentence be interpreted by the consideration of all its parts.   It plainly means that defendant was required to use reasonable care in order to keep its road bed in good repair, and was liable for " any " [all] negligence in this regard.   It is surely unfair criticism to insist that the negligence referred to in the last sentence is other than the absence of care in keeping

the road in good order referred to in the .preceding part of the sentence. The instruction is correct.

VI. An instruction (the fifth) contains the following language: "If the evidence shows that the injury to plaintiff was received by him in the reversing of the engine; that the reversing of his engine at that particular time was rendered. necessary or prudent by the fact that part of the train was leaving the track; and that the train, or part of it, was leaving the track on account of the negligence of defendant in keeping the track in repair,—this showing would trace the cause of the injury directly to the negligence of defendant. But unless this train of connection is shown by the evidence, as above stated, it will not be shown that the negligence of defendant was the proximate cause of the injury; and if there is a failure on this point, the plaintiff cannot recover, even though the defendant may have been negligent in the maintaining of its track." This instruction is in harmony with the doctrine recognized by this court in the opinion in this case when it was here before. 65 Iowa, 91. Counsel insist that the question involving the proximate cause of the injury sustained by plaintiff should have been left for determination by the jury, and, in support of this position, declare that the cause, when here before, was reversed for the reason that the court did not submit the question to the jury. The question is clearly one of law, and is so recognized in our prior decision in this case. The cause was reversed for the reason that the court below held that the negligence of the defendant was not the proximate cause of the injury, and not because the question of proximate cause was not submitted to the jury.

*5. RAILROADS: injury to engineer: proximate cause: question of law.*

VII. The sixth instruction, in effect, directs the jury that, if plaintiff acted with reasonable skill and prudence in reversing the lever, in view of the haste and sudden emergency in which he was required to act, he did not contribute to the injury. Counsel insist that, as his employment required him to act in haste

*6. ——: ——: contributory negligence: risks assumed.*

in such sudden emergencies, he assumed all risk thereof. This may, for the purposes of the case, be admitted. But then he did not assume the risk from the negligence of defendant in failing to keep the road bed in good order, which required prompt action, and which, as we have seen, was the proximate cause of the injury. Counsel insist that this instruction directs the jury as to the weight to be given evidence introduced by defendant tending to show that plaintiff's act in reversing the engine was not prudent. We think the instruction has no such effect. Counsel's objection is therefore groundless.

VIII. The refusal of an instruction in the following language is made the ground of another complaint of defendant's counsel: "(3) If the jury find from the testimony that the officers of the defendant employed skillful and competent men to look after and keep in repair its track, and furnished the requisite men and material to do the work and keep the track in good repair, and if you further find from the testimony that the track was frequently inspected by them, and that the old ties were taken out and replaced by new ties as often as there was any apparent necessity for so doing, you cannot find that the defendant was negligent in keeping and maintaining its track." The instruction was rightly refused, for the reason that it fails to present the thought that defendant's employes used proper care in the inspection of the road, and, in the exercise of such care, there was "an apparent necessity" discovered by them to make the repairs required.

7. ———: ———: care in inspection of track.

IX. The Carlyle tables were admitted in evidence, to show plaintiff's expectancy of life. Plaintiff's injury was permanent, and rendered him incapable of earning compensation which he would have received had he escaped the injury. The damage is continuing, and will end only with his life, or with his ability to labor on account of age. It is very plain that his expectancy of life must be considered in order to determine the

8 DAMAGES: personal injury: life tables.

actual damages he sustained. The decisions of this court upon this point are conflicting. The evidence is held admissible in *McDonald v. Chicago & N. W. R'y Co.*, 26 Iowa, 124, after due consideration of the question. In *Nelson v. Chicago, R. I. & P. R'y Co.*, 38 Iowa, 564, a contrary doctrine is announced, but no reference is made to the prior case, and no attempt is made to support the decision announced upon principle or precedent. It was evidently reached without consideration. We follow the first case, deeming it in accord with sound reason and justice. See *Simonson v. Chicago, R. I. & P. R'y Co.*, 49 Iowa, 87.

X. Defendant complains that a witness was permitted to testify to the condition of the ties at places along the road other than at the place where the accident occurred. An amended abstract, which is not denied by defendant, shows that the witness testified as to the condition of the ties at the place of the accident. Defendant's objection is not based upon facts.

XI. A witness, who was the section foreman, and had charge of the road at the place of the accident, testified that

9. RAILROADS: injury to engineer: defective track: incompetent evidence of repairs.

he put in new ties not long before plaintiff was injured. He was then asked several questions touching his report to the road master as to this work, which he was not permitted to answer. There is no error in this ruling of the court below, for the reason that the evidence sought to be elicited would not tend to show that the repairs had been made at the place of the accident. The evidence, to be competent, should have that effect.

We have considered all objections urged in argument by defendant's counsel, and reach the conclusion that the judgment of the court below ought to be

AFFIRMED.