# DeCamp v. Sioux City.

**Negligence:** IN CARE OF STREETS: INJURY BY FAST DRIVING: PROXIMATE CAUSE. Plaintiff was driving slowly along a street-railway track on one of the defendant's streets, and was met, struck and injured by another vehicle which was driven at a dangerous and unlawful speed along the same track. The collision would have been avoided but for the fact that the track of the street railway had been allowed to become out of repair, so that the rails were so much above the surface of the street as to prevent the parties from turning out. Conceding that the defendant was negligent in that regard in the care of its streets, and thus contributed to the injury, yet *held* that it was not liable, because the reckless driving of the person whose vehicle struck plaintiff's was the proximate cause. (Compare *Dubuque Wood & Coal Ass'n v. City of Dubuque*, 30 Iowa, 184, and *Knapp v. Sioux City & Pac. Ry. Co.*, 65 Iowa, 91.)

*Appeal from Woodbury District Court.*—Hon. George W. Wakefield, Judge.

Filed, May 11, 1888.

This is an action to recover damages for a personal injury sustained by the plaintiff by reason of an alleged defect in one of the streets of Sioux City. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*A. C. Strong* and *J. H. & C. M. Swan*, for appellant.

*Pendleton & Gray* and *O. C. Treadway*, for appellee.

Rothrock, J.—There is but little controversy as to the material facts in the case. The plaintiff is an expressman. He used an express wagon and one horse in carrying on his business. On the nineteenth of September, 1885, he was driving along Fourth street, in said city, his horse going in a walk. He was met in the street by a butcher's wagon, in which there were two

men.   The wagons collided, by reason of which the plaintiff was violently thrown out upon the ground, his wagon upset, his wagon-bed fell on top of him, his horse ran away, and there was a general smash-up of his wagon.   The injury to the plaintiff was not, however, occasioned by the running of his horse, but by the collision with the butcher's wagon.   One of the men in the butcher's wagon, who was a witness for the plaintiff, testified that said wagon was driven, at the time of the accident, at the rate of ten to fifteen miles an hour.   All of the other witnesses who testified on this point concur in the statement that said wagon was driven very fast. A witness for plaintiff, who saw the whole occurrence, stated that the team was going at the rate of fifteen miles an hour, and did not check speed until they were stopped by the collision.   Another witness stated that the team was traveling "at a great rate," and "terrible fast."   There was a city ordinance in force at the time of the accident prohibiting the driving of any vehicle in any street of the city faster than at the rate of six miles an hour, or driving "in such manner as to come in collision with or strike any other person or object."   The plaintiff claims that the city is liable for his injuries, because it permitted the street-car tracks which were in the street to become out of repair to such an extent that the iron rails were so much above the surface of the street that, as the vehicles approached each other, the plaintiff and the driver of the butcher's wagon could not turn out so as to avoid the collision, because they could not pull the wheels of the wagons over the rails, although they endeavored to do so ; that the wheels of the wagons slid along the rails, and thus caused the collision.   The defendant requested the court to give to the jury the following, among other instructions :

   "If the jury find from the evidence that the accident by which the plaintiff was injured was caused by the negligence of the city in not keeping its street in repair, combined with the acts of a third party for which the city was not responsible, and would not have hap-

pened but for the acts of such third party, then the city is not liable."

"If the jury find from the evidence that, although the defendant was negligent in keeping its streets in repair at the time and place where the accident occurred, the accident would not have happened to the plaintiff by reason thereof without the driving of the team of Ibs upon the street-railway track in the manner in which it was driven, and that the driver of said team and wagon of said Ibs, in driving upon said railway track at the time and in the manner and at the rate of speed he did, was not using ordinary care, then the defendant is not liable."

These instructions were refused, and the court, on its own motion, charged the jury, as to this feature of the case, as follows:

"The jury are instructed that, in general, the negligence of third parties, concurring with that of the defendant to produce an injury, is no defense; but if the jury find from the evidence that the accident in question was caused or occasioned by the negligence or carelessness of the driver of the team that collided with plaintiff's team, without any fault or negligence on the part of defendant concurring therein, then the plaintiff cannot recover; but if you find that the defendant was negligent, under this charge, in permitting the defect in the street at the time of the accident, and at the place as alleged, and that such negligence and defect contributed to produce and occasion the injury in question, then the fact that the driver of the wagon colliding with plaintiff's team was negligent would not defeat plaintiff's right to recover."

The defendant insists that these rulings of the court are erroneous, and we think his position must be sustained. As we have said, there is no question but that the butcher's wagon was driven in a careless and negligent manner. Not only this, its rate of speed was reckless, dangerous, unlawful and criminal. Under the ordinances of the city its driver was liable to a fine of one hundred dollars, or imprisonment for thirty days.

The effect of the collision was perhaps stronger evidence of the reckless conduct of the driver than the testimony of the witnesses. No such a general smash-up would have occurred if the butcher's wagon had been driven as it ought to have been. Under the undisputed facts of the case, conceding that the street was out of repair, the plaintiff, to say the least, received his injuries by reason of the combined negligent acts of the city and the driver of the butcher's wagon. More than this, the reckless driving was the immediate and proximate cause of the injury. There is no warrant in the evidence for a finding that, if the team had been driven at a lawful and proper rate of speed, the collision would have nevertheless injured the plaintiff. This being so, the condition of the street was not the direct and proximate cause of the injury. Whatever the rule may be in other states, we think that the law in this state is settled that, under such circumstances, there can be no recovery against the city. See *Dubuque Wood & Coal Ass'n v. City of Dubuque*, 30 Iowa, 184, and *Knapp v. Sioux City & Pac. Ry. Co.*, 65 Iowa, 91.

REVERSED.