VARNECIE McCLAIN, Appellant, v. THE INCORPORATED TOWN OF GARDEN GROVE, Appellee.

**Personal Injury:** DEFECTIVE BRIDGE: PROXIMATE CAUSE. While the plaintiff was riding in a sleigh across a bridge, maintained by the defendant, her horse suddenly fell dead against the railing at the side of the bridge, which gave away, and caused the horse to fall over the side to the ground below, carrying the sleigh and the plaintiff with him. The bridge was but twelve feet wide, and the railings were two and one-half feet high. The evidence showed that the horse fell either from disease or because he was improperly harnessed and driven. *Held*, that conceding that if the railing of the bridge had been of sufficient height and strength to bear the weight of the horse the accident would not have happened, the condition of the railing and the narrowness of the bridge were not the proximate cause of the plaintiff's injuries.

*Appeal from Decatur District Court.*—HON. R. C. HENRY, Judge.

TUESDAY, JUNE 2, 1891.

THIS is an action to recover for personal injuries alleged to have been caused by the wrong of the defendant. There was a judgment in favor of the defendant. The plaintiff appeals.—*Affirmed.*

*E. W. Curry* and *S. A. Gates*, for appellant.

*S. H. Amos* and *R, L. Parrish*, for appellee.

Robinson, J.—In January, 1888, the defendant controlled and was responsible for the condition of a certain bridge over a railway within its territorial limits. The bridge was twelve feet wide, provided with side railings, and reached by means of steep approaches. In the month named one Ira Miller invited the plaintiff and another lady to take a sleigh ride for pleasure. The invitation was accepted, and the party started in a cutter drawn by one horse. In the course of the ride they attempted to cross the bridge described. The horse drew the cutter with its load up the steep approach, and onto the bridge. When a part of the way over the horse suddenly fell against the railing on one side of the bridge, broke it down, and dropped off, drawing with him the cutter and its lady occupants. The plaintiff fell to the ground below, and received the injuries for which she seeks to recover in this action. She claims that the defendant was negligent in maintaining a bridge of insufficient width, in not providing it with sufficient railings, and in permitting it to be used without sufficient railings. The defendant avers that the accident occurred without fault on its part, in consequence of the carelessness of the plaintiff and the negligence of Miller, and insists that the alleged defects in the bridge were not the proximate cause of the injuries received by the plaintiff. After the evidence had been submitted on the part of both parties the court sustained a motion of the defendant to direct the jury to return a verdict in its favor. A verdict was returned in favor of the defendant by direction of the court, and judgment was rendered thereon.

The first ground alleged in the motion for a verdict was that the evidence showed that the defects alleged in the bridge were not the proximate cause of the injury.

It appears without contradiction that there was snow about half way up the approach to the bridge, and none on the bridge. The horse pulled steadily and without apparent difficulty in going onto the bridge, fell without warning of any kind, and appears to have been dead when he fell. Miller, who owned the horse, is of the opinion that its death was caused by heart disease, although it may have been choked by the breast harness in which it was pulling at the time. To entitle the plaintiff to recover it must be shown that the injuries of which she complains were the natural and proximate result of the alleged defects in the bridge. *West v. Ward*, 77 Iowa, 323, and cases therein cited. Under the evidence submitted we do not think that it is a matter about which there can be any controversy. The horse which Miller was driving fell because it was diseased, or not properly harnessed and driven. The width of the bridge and the condition of the railing had nothing to do with its fall and death. Had it not fallen the accident would not have occurred. The railing of the bridge was about two and one-half feet high, and it may be true that, had it been of sufficient height and strength to bear the weight of the horse, the accident would have been avoided. But the defendant was not, an insurer against accidents. 2 Dillon on Municipal Corporations, sec. 789; *Raymond v. City of Lowell*, 6 Cush. 524. It was its duty to provide for the use of the bridge in the usual manner, and to guard against ordinary contingencies, or those which might be reasonably apprehended. It was its duty to provide railings of sufficient height and strength to prevent horses and other animals from walking off at the side, and to resist any weight and pressure which would be applied under ordinary circumstances; but it was not its duty to provide a railing which would successfully resist the weight of a horse of ordinary size precipitated suddenly against it.

It is said that if the bridge had been wider the horse might have been turned when it was discovered that there was no snow on the bridge, but there is no evidence to justify the claim that the horse would have been turned under any circumstances. On the contrary it is shown that Miller knew the bridge was bare before he drove onto it. We conclude that the condition of the railing and the narrowness of the bridge were not the proximate cause of the injuries sustained by the plaintiff. See *De Camp v. Sioux · City*, 74 Iowa, 392; *Handelun v. Burlington, C. R. & N. Ry. Co.*, 72 Iowa, 710; *Knapp v. Sioux City & P. Ry. Co.*, 65 Iowa, 91, 93. The case of *Houfe v. Town of Fulton*, 29 Wis. 297, is relied upon as sustaining the claim of the appellant. The facts involved in that case were somewhat similar to those under consideration, but it appears that the bridge was without a railing, and that the injury might not have occurred had there been a suitable one. The essentials of such a railing were not considered, and much of what was said in that case is in harmony with conclusions we have announced.

We find it unnecessary to determine some of the questions discussed by counsel for the appellant, since the one determined is controlling. In our opinion the evidence shows without conflict that defendant is not liable for the injuries sustained by the plaintiff, and the case was properly taken from the jury. AFFIRMED.