Julia B. Parmenter, Appellee,. v. City of Marion, Ap-
pellant.

Cities and Towns:    Duty to keep streets in repair and unob-·
strucTed:    *Injury of persons on walks.*  Under Code, section
753, providing that cities and towns shall have the care and
control of all public highways and streets, and shall cause the·
same to be kept in repair and free 'from nuisance, an action
against the city for injuries received on its sidewalks will lie;·'
since it imposes a mandatory and not a discretionary duty on
municipalities, of keeping the streets in repair and free from
nuisances and obstructions.

Proximate cause of injury:    When negligence of occupant inter-
*venes.*  Plaintiff was injured while passing along the sidewalk
under a platform projecting from the second story of a build-
ing, by a pale of hay being pushed off the platform into hte
street below by the occupant of the premises, who did not look
to see whether any one was on the walk below before pushing·
of the bale, but who yelled, look out below." At the time, the
wind was very strong, and blew against the front of the build-
ing.    *Held,* in an action against the city for the damage sus-
tained, that, if the platform and its use 'were an obstruction
in the street the negligence of the occupant of the building was.
the proximate cause of'the injury, nad that the platform was a
mere condition, hence a directed verdict for the defendant was.
improperly refused.

Nuisances and obstructions:    *What are not.*  A platform slightly
narrower than the sidewalk projected out over the sidewalk,.
on a level with the second floor of an abutting building.    The
building was used to store baled hay and straw, and the plat-·
form was used in unloading and loading the bales from wagons
in the street below.    *Held,* that the platform was not a nui-
sance and an obstruction in itself, so as to impose a liabilit7
on the city for permitting it to remain and be used for the·
purpose indicated, since the municipality had a. right to pre-
sume that it would be properly used.

| 113 | 297 |
| 6122 | 495 |

| 113 | 297 |
| 126 | 203 |

| 113 | 297 |
| 128 | 54 |
| 113 | 297 |
| 131 | 574 |
| f131 | 705 |

| 113 | 297 |
| 132 | 739 |
| f133 | 703 |

| 113 | 297 |
| d134 | 9 |

| 113 | 297 |
| 138 | 111 |

NOTICE OF NUISANCES    *What is insufficient.*  A platform slightly narrower than the sidewalk projected from the second story of an an abutting building, above the sidewalk.  The platform was used in loading and unloading bales of hay and straw from wagons in the street, and sometimes bales were thrown from the platform into the street, but only once before had a bale fallen on the sidewalk.  *Held,* insufficient to sustain a finding that the municipality had a knowledge· of the improper use of the platform; and hence the city was not liable for the injuries received by a person passing along the sidewalk from the falling upon him from said platform of a bale of hay.

Instructions:    MUST NOT ASSUME FACTS.  Where plaintiff was injured by a bale of hay falling off a platform which was built above, slightly narrower than the sidewalk, and which was used for loading and unloading hay, and was not used for storage purposes, an instruction, in an action against the municipality, that, if the defendant permitted the platform to be so constructed that objects falling therefrom would be likely to fall on passers by, defendant would be liable, was erroneous, as assuming that there was evidence tending to show that objects were left thereon which were liable to fall on passers by.

*Appeal from Cedar Rapids Superior Court.*—HON. T. M. GIBERSON, Judge.

THURSDAY, FEBRUARY 7, 1901.

ACTION at law to recover damages for injuries received by plaintiff while passing along one of the streets of defendant city.  Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*C. J. Haas* and *Giffen & Voris* for appellant.

*Rickel, Crocker & Christie* for appellee.

DEEMER, J.—This case involves the difficult and perplexing problem of proximate care. It appears that plaintiff, while passing along one of the streets of defendant city, was injured by being struck by a bale of hay that was thrown out of the second story of a building occupied by one John R. Rheinheimer.  The building abuts on the street.  In front of it is a sidewalk, the outer

edge of which is 6 feet and 5 inches from the outside wall. Over the sidewalk and projecting out from a level with the second floor is a platform 15 feet in length and 5 feet wide. The bottom of this platform is eight feet and six inches above the sidewalk. The sidewalk and street itself were free from obstructions, except as stated. Rheinheimer was dealing in baled hay and straw, and used the upper story of the building as a storeroom. On the day that plaintiff received her injuries, Rheinheimer went to the second floor of his building to procure a bale of hay. It was a cold winter day, and a strong wind was blowing from the northwest, towards the front of the building. Rheinheimer pulled the bale from its place, dragged it to the door opening onto the platform, opened the door, stepped to the edge of the platform, at the same time saying, "Look out below," and giving the bale a push with hands and knees, threw it over the platform. In its descent it struck plaintiff, who was walking underneath the platform. The negligence charged is that defendant permitted the platform to be constructed and maintained in such a manner that objects falling therefrom were likely to fall upon and injure passers-by, and permitted the owner to use the same for the purpose of loading and unloading hay and straw into and from the building, to the danger of those using the sidewalk and street in front of the building, without taking any steps to remove or prevent the same.

The defendant's liability must be predicated on section 753 of the Code, as follows: "They shall have the care, supervision and control of all public highways and streets, * * * and shall cause the same to be kept open and in repair and free from nuisances." But for this section, there would be no liability. It is a general rule that, in the absence of statute, no action lies against a *quasi* municipal corporation for breach of a corporate duty. In this state it is held that the duty of keeping streets in repair and free from nuisance is not discretionary,

and that a city is liable for damages resulting from an injury caused by failure to observe the mandate of the law. *Collins v. City of Council Bluffs,* 32 Iowa, 324; *Rowell v. Williams,* 29 Iowa, 210. What, then, was the duty of the city? Manifestly, to keep its streets in repair, free from nuisance, and in a reasonably safe condition for public travel. The platform built out from the second story of the building in no way impeded public travel. The platform in itself, was not a menace to persons using the street. There was no danger of its falling on the public, in any way injuring it. Had it been used as a place for storing bales of hay that were liable to fall off and injure the public, by reason of its being narrower than the sidewalk below, and this condition were known to the city, or ought to have been known in the exercise of reasonable care and diligence, there would have been liability on the part of the city.

But that is not the case before us. Here the plaintiff was injured by reason of the carelessness and negligence of Rheinheimer in throwing the bale of hay from the second story to the sidewalk. The accident was just as likely to happen in the absence of a platform as with it. The platform, in itself, was not a nuisance or an obstruction to travel; and no one had reason to suppose that the owner of the building would push bales of hay out to the edge thereof, and carelessly allow them to drop on passers-by. They could as well anticipate that the owner of any building with more than one story is likely to carelessly throw objects out of the doors and windows thereof, and injure passers-by. Had the platform itself been a nuisance to persons using the street, it may be that the mere fact that Rheinheimer's negligence concurred with that of the city in producing the wrong would be no defense; for it is well settled that the mere fact that some other cause operates with the negligence of the defendant to produce the injury complained of does not relieve the defendant of liability. His original wrong,

concurring with some other cause, and both operating proximately at the same time in producing the injury, makes him liable,, whether that other cause is one for which the defendant is responsible or not. *Gould v. Schermer,* 101 Iowa, 582, and cases cited. But, before this rule will apply, it must be found that the defendant was itself negligent, and that but for its negligence the accident would not have happened. Negligence is not a proximate cause, unless it be found that the injury would not have happened but for that negligence. *Campbell v. City of Stillwater,* 32 Minn. 308 (20 N. W. Rep. 320). There was no negligence in allowing the platform to remain in the condition in which it was constructed. Danger could only be apprehended from the improper use thereof, and, unless the defendant had or ought to have had notice of this use, it was guilty of no negligence. An accident is distinguishable from a case of negligence in this; that the former is an unusual result—one which reasonable and careful human foresight could not have apprehended, and which, under the circumstances, such care and foresight could not have guarded against. *Handelun v. Railway Co.,* 72 Iowa, 709; *Crowley v. Railroad Co,* 65 Iowa, 658. Defendant was not bound to anticipate the negligent act of a third party, and it seems clear to us that there was no negligence in simply permitting the platform to remain in the condition it was in. What, then, was the act that caused the injury? Manifestly, the negligent act of Rheinheimer in throwing the bale of hay to the sidewalk, along which people had the right to pass, without looking to see if any one was coming who might be struck by the descending hay. The platform was a condition, and not a cause of the accident. If it had been wider, perhaps, the injury would not have happened; but, in the condition it was in, it was not of itself dangerous. In all the cases relied upon by appellee, the defendant was negligent, and his negligence concurred in producing the injury. The

mere fact that Rheinheimer used the platform for loading and unloading hay would not make it dangerous. Nor would the fact that he had heretofore thrown bundles from this platform into the street give the city notice that he was likely at some time to push one off the edge of the platform that would be carried by the wind back onto a passer-by. Properly used, the platform was not a menace to any one. The evidence tends to show that, while Rheinheimer sometimes threw baled hay from the platform into the street, that he never but once before so threw it that it landed on the sidewalk. True, he frequently used it in loading and unloading wagons, which in itself was not dangerous, and, no doubt, could not be prohibited by the city; but he rarely threw bales down onto the street, and but once so threw them as to strike on the sidewalk. With proper care on his part, there was no danger to passers-by; and the city, in the absence of notice to the contrary, had the right to assume that he would use that degree of care. Such notice as it had of the use was not sufficient to charge it with knowledge that he was making a nuisance of the place, and was likely to injure travelers.

But if we assume that the city was negligent in allowing the platform to remain in the manner shown, it by no means follows that it is liable to the plaintiff. It must also appear that this negligence contributed proximately to produce the injury. The general rule as to concurring causes has already been stated, and it appears therefrom that to hold defendant responsible it must appear that his negligence was one of the direct and proximate causes of the injury. Judge Cooley, in his work on Torts, states the rule of proximate cause very clearly, and we embody his statement found on pages 76 and 77 as the doctrine of this opinion. He says: "If an injury has resulted in consequence of a certain act or omission, but only through or by means of some intervening cause, from which last cause the injury followed as a direct and immediate consequence, the

law will refer the damage to the last or proximate cause, and refuse to trace it to that which was the more remote." Cooley, Torts (2d ed.) p. 73. "If the original wrong only becomes injurious in consequence of the intervention of some distinct and wrongful act or omission by another, the injury shall be imputed to the last wrong, as the proximate cause, and not to that which was more remote." Where there is an intervening cause between defendant's negligence and plaintiff's injury, the rule relieving defendant from responsibility seems to be that this intervening cause must be either a superseding or a responsible one. It is a superseding cause, whether intelligent or not, if it so entirely supersedes the operation of defendant's negligence that it alone, without his negligence contributing in the slightest degree, produces the injury. It is a responsible one if it is the culpable act of a human being who is legally responsible for such act. The defendant's negligence is not deemed the proximate cause of the injury when the connection is thus actually broken by a responsible cause. Shearman & Redfield Negligence (1st ed.) section 32. In applying this rule, or exception, it may be, to concurring cause, it is very generally held that, even if there be negligence in some degree on the part of the defendant, still it cannot ordinarily be said to be the proximate cause of an injury, when the negligence of another human agency has intervened and directly inflicted the injury. *Scheffer* v. *Railroad Co.,* 105 U. S. 249 (26 L. Ed. 1076); *Lewis v. Railway Co.,* 54 Mich. 55 (19 N. W. Rep. 744); *De Camp v. City of Sioux City,* 74 Iowa, 392; *Cuff v. Railroad Co.,* 35 N. J. Law, 32; *Selleck v. Railway Co.,* 58 Mich. 195 (24 N. W. Rep. 774); *McClain v. Incorporated Town of Garden Grove,* 83 Iowa, 235; *Neilson v. Gilbert,* 69 Iowa, 691; *Liming v. Railroad Co.,* 81 Iowa, 246; *Ward v. Railroad Co.,* 97 Iowa, 50. With possibly one exception all our cases may be harmonized with the two rules above announced; that is, the one quoted from the *Gould Case,* and the one from Shearman & Redfield Negli-

gence. In *Stanley v. City of Davenport,* 54 Iowa, 463, the city was held liable because it allowed a steam motor to be used on its streets, which allowed steam to escape and frighten plaintiff's horses. The question of proximate cause was not involved or decided. Under the issues in that case, there was no question of defendant's liabilty. In *Rowell v. William's,* 29 Iowa, 210, there was an open and notorious obstruction of the street, created by a third party, it is true; but the defect in the street was unquestionably the proximate cause of the injury. In *Cason v. City of Ottumwa,* 102 Iowa, 99, an unfastened billboard resting against the side of a building blew over on plaintiff; and the city was held responsible and liable because it was negligent in allowing the billboard to remain in the condition in which it was found, as it endangered travel. No culpable human agency intervened between defendant's negligence and the resulting injury. In *Gould v. Schermer,* 101 Iowa, 582, the negligence of defendant was proved, and the intervening cause was one for which no human being was responsible. Moreover, this intervening cause did not of itself produce the injury. The same may be said of *Langhammer v. City of Manchester,* 99 Iowa, :295; *Pratt v. Railway Co.,* 107 Iowa, 287; *Harvey v. City of Clarinda,* 111 Iowa, 528; *Walrod v. Webster County,* 110 Iowa, 349. In the *Garden Grove Case* it was held that, the town was under no obligation to provide its bridges with railings which would resist the weight of a horse precipitated suddenly against it, and that under the facts of that case the condition of the railing and the narrowness of the bridge were not the proximate cause of the injury. In *De Camp v. Sioux City,* 74 Iowa, 392, there was a responsible intervening cause, and the city was held not liable. In *Knapp v. Railroad Co.,* 65 Iowa, 94, there was an irresponsible agency intervening; but plaintiff was allowed to recover on the theory that defendant's negligence was the proximate cause, following the *Squib Case (Scott v. Shepherd)* 2 W. Bl. 892. What is said

in that case about concurring cause is purely *dictum* and really at variance with the final conclusion reached. Chief Justice Shaw's definition of "proximate cause" and "concurring negligence," quoted in that opinion, has been quite generally disapproved. In *Langhammer v. City of Manchester,* 99 Iowa, 295, there were two causes contributing to the injury to the injury, for one of which, only, defendant was responsible. We approved an instruction to the effec' that plaintiff might recover in case of concurring cause if he showed that the injury would not have happened but for defendant's negligence. In that case there was a coating of ice on a slanting sidewalk, resulting from a storm the night before plaintiff received her injuries. *Bliven v. City of Sioux City,* 85 Iowa, 346, was another billboard case, and the intervening cause was not a responsible one. We will not take the time or space needed to refer to other cases. They may all be harmonized by applying the rules heretofore announced.

To avoid misunderstanding, it is well perhaps to state in a brief way our conclusions, as follows: (1) The platform itself was neither a nuisance nor an obstruction. (2) If properly used, as defendant had the right to suppose it would be, its use did not make it a nuisance. (3) If improperly used, in such a manner as to make it a nuisance, the city was not responsible until it had, or ought to have had, notice or knowledge of its improper use. (4) If the platform was an obstruction or nuisance, still, as Rheinheimer's act was manifestly a negligent one, for which he alone is responsible, the connection between the defendant's wrong and the injury was broken, and Rheinheimer's wrong, under the facts shown, became the proximate and efficient cause. The platform under such circumstances was a mere condition, and the accident was as likely to follow without the platform as with it. It should also be constantly borne in mind that there is no evidence to show that Rheinheimer so used the platform as to make a nuisance

thereof. He had the right to back wagons up to this building for the purpose of loading and unloading them, provided he did not obstruct travel for an unreasonable length of time, and did nothing to unreasonably endanger passers-by. So long as he used the platform for loading and unloading wagons backed up or under it, he was doing no wrong. He could not, of course, use the platform as a place of storage; and if he placed bales thereon, that were likely to fall and injure passers-by, with the knowledge of the city, the city would, no doubt, be responsible. It may be (although we do not decide the point) that if he (Rheinheimer) persistently or continuously threw bales of hay from the second story of his building to the sidewalk below, with the knowledge, express or implied, of the city, and thereby endangered the safety of persons using the streets, and the city failed to use reasonable care to stop this dangerous use, it would be liable. But the facts do not justify the conclusion that the city had knowledge of the dangerous use of the platform. But once before, if at all, was this platform used in such a manner as to endanger the safety of those using the sidewalk. We doubt very much if the city could have interfered with the use of the platform as a place for loading and unloading hay, but, however this may be, it was not bound for any negligent or improper use thereof unless it had, or ought to have had, notice or knowledge thereof, and an opportunity to prevent the same. There was not sufficient evidence to justify the jury in finding that it was so used as to be a nuisance, or that, if so used, the city had notice or knowledge thereof. For these reasons the defendant's motion for a directed verdict at the conclusion of plaintiff's evidence should have been sustained.

II. The trial court instructed the jury as follows: "You are instructed that it was the duty of the defendant to keep the street and sidewalk where the accident occurred in a reasonably safe condition for pedestrians passing along the same, and free from obstructions. As applied to this

case, if you find from the evidence that the defendant negligently suffered and permitted a platform to be constructed from the second story of a building upon said street in such a manner that the same projected over a portion of the sidewalk, *so that objects falling therefrom would be likely to fall upon the heads of passers-by, and that the defendant suffered and permitted the owner or occupant of such building to keep up and maintain the same in such condition, and also to use the same for the purpose of loading and unloading baled hay and straw, or to pass the same in or out of the building,* and that in so doing the same was thrown from said platform upon said sidewalk, or a portion thereof, in such a manner as to endanger pedestrians passing along said sidewalk in the exercise of ordinary care, and constituted an obstruction to said sidewalk, and that such condition and use had continued for a long time prior to the injury to plaintiff, and that the condition of said platform and its construction and use was public, and of such character, and had continued for such a length of time prior to the injury, that the defendant, in the exercise of ordinary care, should have known of its construction and use, and have prevented its continuance, before the time of the plaintiff's injury, and that while the plaintiff was passing along said sidewalk, using ordinary care, a bale of hay was dropped from said platform, and that the same fell upon the plaintiff and injured her, then and in that event your verdict should be for the plaintiff." The whole of the instruction, and particularly that part italicized, is made the basis of an assignment of error. For the reasons already pointed out, we think it was erroneous. It was also erroneous for the reason that it assumes there was evidence tending to show that objects were used or kept thereon that were likely to fall on the heads of passers-by. Again, the use of the same for the purpose of loading and unloading hay, or for passing the same in or out of the building, did not of itself render it a nuisance.

Other questions are discussed, which we will not consider, for the reason that the foregoing seems to dispose of the case.—*Reversed.*