See note to this case in 36 N. W. Rep. 594.— REP.

---

McCANDLESS, Respondent, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*February 1 — February 28, 1888.*

*Railroads: Failure to restore street to former condition: Proximate cause of injury.*

The complaint alleged that the defendant company had unnecessarily constructed its tracks and had for more than ten years operated its road along a certain street, but had never restored the street to its former condition of usefulness; that the tracks rendered the street narrow, unsafe, and insufficient, and at a certain point so obstructed and narrowed it that it was only wide enough for one team; that by reason thereof the plaintiff, while walking along the street at that point, was run into and injured by a team which, though driven by a careful driver, was prancing and sheering out, excited by the passing along the street of a long, noisy freight train; and that the plaintiff was passing along the main traveled part of the street, away from the sidewalk which was impassable because of deep snow-drifts. *Held,* that the failure of the defendant to restore the street to its former condition was not the proximate cause of the injury, and that the complaint did not state a cause of action.

APPEAL from the Circuit Court for *Winnebago* County. The case is stated in the opinion. The defendant appealed from an order overruling a general demurrer to the complaint.

For the appellant there was a brief by *Jenkins, Winkler & Smith,* and oral argument by *H. C. Sloan.* A railroad company is not responsible to a traveler for injuries happening in consequence of horses taking fright at the noise made by a passing train. Wood on Nuisances, sec. 307; *Rex v. Pease,* 4 B. & Ad. 30; *Rex v. Morris,* 1 id. 441; *Bordentown & S. A. Turnpike Co. v. C. & A. R. Co.* 17 N. J. Law, 314; *Favor v. B. & L. R. Corp.* 114 Mass. 350; *Norton v. E. R. Co.* 113 id. 366; *Hall v. Brown,* 54 N. H. 495; *Coy v. U. & S. R. Co.* 23 Barb. 643; *Culp v. A. & N. R. Co.* 17 Kan. 475; *Philadelphia, W. & B. R. Co. v. Stinger,* 78 Pa. St. 219; *Burton v. P., W. & B. R. Co.* 4 Harr. (Del.), 252; *Flint v. N. & W. R. Co.* 110 Mass. 222; *Hudson v. L. & N. R. Co.* 14 Bush, 303; *Whitney v. M. C. R. Co.* 69 Me. 208. Nor would the company be liable for damages caused by the horses of a traveler taking fright at the necessary blowing off of steam from one of its locomotives. *Hahn v. S. P. R. Co.* 51 Cal. 605; *Selleck v. L. S. & M. S. R. Co.* 58 Mich. 195. Nor is the company obliged to erect barriers to prevent horses taking fright. *Coy v. U. & S. R. Co.* 23 Barb. 643; *Hill v. P. & R. R. Co.* 55 Me. 438. The fright of the team, and that alone, was the proximate cause of the injury in this case, and for that the company is not responsible. *Cuff v. N. & N. Y. R. Co.* 35 N. J. Law, 17; *Lewis v. F. & P. M. R. Co.* 54 Mich. 55; *Selleck v. L. S. & M. S. R. Co.* 58 id. 195; *Jackson v. N., C. & St. L. R. Co.* 13 Lea, 491; *Railway Co. v. Staley,* 41 Ohio St. 118; *South Side P. R. Co. v. Trich,* 117 Pa. St. 390.

For the respondent the cause was submitted on the brief of *P. V. Lawson.* He cited *Hamden v. N. H. & N. R. Co.* 27 Conn. 158; *Pittsburg, Ft. W. & C. R. Co. v. Reich,* 101

Ill. 172; *Great Western Railway v. Decatur*, 33 id. 382; *Peterson v. C. & W. M. R. Co.* 31 N. W. Rep. (Mich.), 550; *Young v. D., G. H. & M. R. Co.* 56 Mich. 430; 2 Lacey's Dig. 476, 481; *Kearney v. L., B. & S. C. R. Co.* L. R. 6 Q. B. Cas. 759; *S. C.* 5 id. 411; *Powell v. Deveney*, 3 Cush. 300; *Kellogg v. C. & N. W. R. Co.* 26 Wis. 278, 280; *Mil. & C. R. Co. v. Hunter*, 11 id. 173; *McCall v. Chamberlain*, 13 id. 639–641; *Antisdel v. C. & N. W. R. Co.* 26 id. 149; *Blair v. M. & P. du C. R. Co.* 20 id. 257; *Liston v. C. 1. R. Co.* 70 Iowa, 714; *Young v. St. L., K. C. & N. R. Co.* 44 id. 172; *Kraus v. B., C. R. & N. R. Co.* 55 id. 338; *Dunnigan v. C. & N. W. R. Co.* 18 Wis. 31; *Gear v. C. C. & D. R. Co.* 43 Iowa, 83; *Comm. v. N. & L. R. Corp.* 2 Gray, 54; *Comm. v. B. & L. R. Corp.* 12 Cush. 254; *Comm. v. O. C. & F. R. R. Co.* 14 Gray, 93; *State v. V. C. R. Co.* 27 Vt. 103; *Linsley v. Bushnell*, 15 Conn. 225.

COLE, C. J.    The complaint in this case states no cause of action, and the demurrer to it should have been sustained. The complaint alleges, in substance, that more than ten years ago the defendant company constructed two or more railroad tracks and its roadway along and wholly within River street, in the city of Menasha, together with numerous switches, side tracks, etc., and has ever since maintained and operated its road in such street; that the construction of the tracks thus in the street was entirely unnecessary; that the defendant has never restored the street to its former state of usefulness, but that public travel in the street by carriages, sleighs, and foot travel is impeded and made unsafe, dangerous, and inconvenient by the defendant's tracks and switches; that the street at lots 29, 30, etc., of block 50, is so obstructed and narrowed by the railroad tracks that it is only wide enough for one team drawing a bob-sleigh, and is not wide enough for teams and sleighs to pass and repass each other without going into the ditch on

one side, or upon the railroad track on the other side; that before the construction of the railroad the street was level and perfectly safe and passable the whole width thereof for the public travel with teams and carriages and foot travelers, but by the construction of the railroad therein it is made narrow, unsafe, and insufficient, and is a public nuisance; that it was absolutely unnecessary to construct the railroad track along the street at lots 29, 30, etc., because the company could have procured lands on either side of the street for its roadway. The company could also have restored the street to its former usefulness. But, because of its failure and neglect to restore the street to its former state, and because of the narrowness of the street, while the defendant was operating its locomotive and cars on its road in a noisy manner, on the 5th of February, 1887, the plaintiff, while walking along the street, without fault or negligence on her part, was run into, knocked down, and run over by a team drawing an empty bob-sleigh, driven by a careful driver, which team was prancing and sheering out, excited by the passing along the street of a long, noisy freight train. The plaintiff was passing along the main traveled part of the street, away from the sidewalk which was impassable because of the deep snow-drifts, when she was struck by the team and run over.

These are the material facts upon which the cause of action is predicated; and the question is, Do they state sufficient grounds to entitle the plaintiff to recover for the injury which she sustained by being run over by the team driven along the street? It seems to us they do not. The only negligence of the defendant stated is the failure of the company to restore the street to its former state of usefulness. It is conceded that the charter authorized the company to construct its road along the street when necessary, and the general statute also gives the company the same right. Ch. 87, R. S. True, the general law requires the

company thus appropriating the street to the use of its road to restore such street to its former state or to such condition as that its usefulness shall not be materially impaired. Sec. 1836. The defendant, then, had the right to construct its road in the street. If it failed to perform its duty by restoring such street to its former usefulness, this failure was a matter for the city authorities to attend to. The plaintiff cannot complain of that omission of duty, because it was not the proximate cause of her injury; for, as we have said, the company had the right to construct its track in the street, and operate its road thereon. It is not charged that there was any negligence in operating the freight train. True, it is alleged that it was a long, noisy freight train; but noise is incident to the moving of such trains. With the present appliances they cannot be moved without making more or less noise. The allegation is that the team was excited by the passing along the street of a long, noisy freight train, then rushing and roaring along on the railroad track. There is no fact stated showing that the freight train was run in a careless or unusual manner. So the case comes to this: It appears that the company was lawfully operating its road along the street, when a team passing along the same took fright at one of its trains, and turned one side, and knocked the plaintiff down and ran over her. The real cause of the injury was the horses' taking fright and running against her. The injury was doubtless attributable less to the neglect of the company to restore the street than to the failure of the city to keep the sidewalk at that place free from snowdrifts. But, assuming that the defendant was at fault for not restoring the street to its former usefulness, still it is obvious that, in the most favorable view of the complaint for the plaintiff, that was but a remote cause of her injury. The direct, immediate, and natural cause was the fright of the horses which ran against her and knocked her down. That was

the proximate force which produced the injury complained of. It is idle to attempt to trace this fright back to the failure of the defendant to restore the street to its former state. It is enough to say that that act of negligence was not the proximate cause of the injury; indeed, it is not very clear that it had any connection with it. See, upon this point, *Lewis v. F. & P. M. R. Co.* 54 Mich. 55; *Selleck v. L. S. & M. S. R. Co.* 58 Mich. 195; *Jackson v. N. C. & St. L. R. Co.* 13 Lea, 491; *Railway Co. v. Staley*, 41 Ohio St. 118. For these reasons we think the complaint fails to state a cause of action against the defendant.

*By the Court.*— The order of the circuit court overruling the demurrer is reversed, and the cause is remanded for further proceedings according to law.