## FINLEY v. RICHMOND & D. R. CO.

(Circuit Court, W. D. North Carolina. December 18, 1893.)

1. MASTER AND SERVANT — RAILROAD COMPANIES — POWER OF ENGINEER TO WAIVE RULES.

An engineer in charge of a working train with the knowledge or assent of the temporary conductor, the regular conductor being absent, has power, by ordering a brakeman to go between the cars, and place in position, by hand, a coupling link which, being bent, cannot be properly controlled with coupling sticks, to waive a rule of the company, subscribed by the brakeman at the time of his employment, requiring brakemen to use coupling sticks, and not to go between the cars. Railroad Co. v. Baugh, 13 Sup. Ct. 914, 149 U. S. 368, distinguished.

**2. SAME—DEFECTIVE MACHINERY.**

> A railroad company is liable for injury caused to a brakeman by the failure of a defective engine brake to work properly, although there was a good brake on the tender, by which he could have controlled the train.

At Law. Action by J. S. Finley against the Richmond & Danville Railroad Company to recover damages for personal injuries.

J. M. Morphew and H. C. Jones, for plaintiff.

George F. Bason and R. B. Glenn, for defendant.

DICK, District Judge, (charging jury.) The plaintiff entered into the service. of the defendant upon an express written contract not to go betwen the cars for the purpose of coupling and uncoupling, and that service was to be performed by means of a stick provided by the company. Now, if he violated such contract of his own volition, or by the direction of a fellow servant, he was guilty of contributory negligence, and cannot recover; but if he went between the cars under the order of the conductor, or of a person managing the operation of the train in the absence of the conductor, and by the direction or knowledge of the conductor, then the written contract was waived, and if plaintiff attempted to perform the assigned service with reasonable care, and was then injured, he is entitled to recover compensatory damages for the injury sustained.

A railroad company, in operating a train on its railway, must have some person authorized to control the movement and operation of the train, and such person represents the company, and may waive general rules and special contracts by other instructions required by the circumstances of the occasion. The evidence tends to show that the regular conductor was not on service, but he had been directed by the company to put Mr. Burgin in charge of the train on that day; that Mr. Burgin was a state officer having charge of a number of convicts who were in the service of the company as laborers; that said convicts were employed at the coal chute about one-fourth of a mile from the place of the injury, and were under the immediate supervision of Mr. Burgin; that the engineer had operated the train in transporting cars to the coal chute in the absence of, and with the knowledge and assent of, Mr. Burgin, and caused the movement of the engine that produced the injury.

I charge you that, if you believe that the engineer had charge of the movement and management of the cars with the assent or knowledge of the temporary conductor,—the regular conductor being absent,—then the engineer had the authority of a conductor in giving directions to subordinate employes, and could waive the general rules and contracts of the company; and if you are satisfied from the evidence that the engineer directed plaintiff to go between the cars to place a bent link in position for coupling, which could not be done with a coupling stick, and he exercised ordinary care in doing as he was directed, then he is entitled to recover compensatory damages for the injuries sustained. There is not the

slightest evidence to show that the engineer was willfully negligent in the act that caused the injury. There is evidence tending to show that the engineer intended to act with caution, and failed to prevent injury by reason of defective machinery, the defect being unknown to the plaintiff. If the machinery was defective, and had been so for some time, and such defect was the proximate cause of the injury, then the doctrines relating to fellow servants do not apply, as the fellow servant had not the power of preventing the injury, although he did the best he could under the circumstances of the transaction.

The evidence tends to show that the engineer knew that the plaintiff was between the cars, and that the engineer did not do the injury willfully or carelessly, but that it was caused by the engine not operating as he anticipated. The evidence tended to show that there was a brake on the tender which was in good working order, and if the engineer had used this brake he could have controlled the movement of the train, and no injury would have occurred; that the brake on the engine, and the reverse lever, were not in good order; that a brake on an engine is not necessary, and many engines are used without brakes. I charge you that if the engineer, on the exigency of the occasion, used the appliances most convenient, and they failed to operate properly, then the defective machinery was the proximate cause of the injury, and the plaintiff is entitled to recover.

There is no evidence that authorizes you to find exemplary damages. You have heard the evidence as to the pain and sickness suffered by the plaintiff, the expenses incurred, the permanent injury sustained by the loss of three fingers of his right hand, and his efforts to obtain employment. If, considering the evidence and the legal instructions given you by the court, you are of opinion, from a preponderance of the evidence, that the plaintiff is entitled to recover, then you may assess such reasonable damages as will compensate him for the sufferings, expenses, and injuries sustained. If you assess excessive damages, the court can interfere to make them just and reasonable, or set aside your verdict, and grant a new trial. I decline to give the written instructions requested by counsel of defendant otherwise than as complied with in my charge.

### NOTE.

DICK, District Judge. A motion for a new trial in this case was not allowed, as I was of opinion that my charge to the jury was not in conflict with the principles of law enunciated in Railroad Co. v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914. In that case the fireman brought an action to recover damages sustained by reason of the negligence of the engineer in charge of a locomotive running alone, without any train attached, and which was a mere "helper" to regular trains. The plaintiff and engineer had been in the same common employment on the helper for several months, and both were familiar with the rules of the company regulating the running of the locomotive, and the hazardous nature of the service. The injury complained of was not in consequence of the fireman obeying any order of his superior officer, but resulted from negligence of the engineer, there being no defect in the machinery. The question was not involved as to the right and power of the actual manager of a train to give an order to a subordinate

employe to meet a sudden exigency in the operation of a train arising from defective machinery, where no regular conductor was in charge.

The evidence in the case before us tended to show that the necessity for the order to the plaintiff to go between the cars to couple them arose from a bent link, which could not be placed in proper position with the coupling stick ordinarily employed under the regulations of the company; that the injury was not caused by the fault or negligence of the engineer, but resulted from defects in the reverse lever and the brake on the engine, which prevented the engineer from properly controlling the movement of the train. In Mason v. Railroad Co., 111 N. C. 482, 16 S. E. 698, many cases are cited and reviewed, and in an able and well-considered opinion the doctrine is clearly announced that, "a rule of a railroad company agreed to by the plaintiff [an employe] may be waived or abrogated for the company by the conductor making an order contrary to such rule, when it was the duty of the plaintiff to obey such order." The facts in that case are somewhat similar to the facts in this case. The conductor had given a general order to the brakeman to go between the cars and use his hands whenever he found that the coupling could not be made with the coupling stick provided by the company. The brakeman, in going between the cars to adjust a pin to a bent link, exercised his own judgment, and no positive order was given at the time by the conductor. In this case a specific order was given by the engineer to the plaintiff to go between the cars to meet a necessity which had occurred in the operation of the train. The engineer was the superintending, de facto officer of the company, and had entire charge of the management and movement of the working train; and I was of opinion that under such circumstances he was necessarily the personal representative of the company, and, from the nature of things, he was invested with the power of conductor, and could waive a general rule or special contract of the company with an employe, when such waiver was required by a sudden necessity, caused by a defective appliance of the operating train. The order to plaintiff to go between the cars to couple them with his hands was deemed necessary by the engineer, and was a command to a subordinate employe, which demanded prompt obedience. If the plaintiff had refused or failed to obey, he could at least have been reported by the engineer for disobedience, which would probably have caused a discharge. There was evidence that the bent link could have been thrown out of its place by the coupling stick so as to fall upon the ground; but such action would not have been in strict obedience to the express terms of the order, and would not have accomplished the purpose for which the order was given. I told the jury that they must be satisfied that the plaintiff used reasonable care in attempting to execute the order.

The plaintiff testified that he regarded himself as subject to the orders of the engineer, who required him to leave the place of his ordinary duty as switch tender, and assist in the coupling of the cars; and he felt bound to obey the positive order to go between the cars and couple them with his hands, and he feared that he would be discharged from service if he failed to obey an imperative command. He had a right to presume that the company would have some superintending officer in charge of an operating train competent to give orders to subordinate employes, and secure the prompt and proper management of the train engaged in the performance of the business of the company. The evidence tended to show that defects in the reverse lever and the brake on the engine were the proximate cause of the injury to plaintiff. I was of opinion that it was not negligence on the part of the engineer to attempt to use the machinery near at hand to control the train, although he might have prevented the injury by using the good brake on the tender. He might well suppose that he could safely rely upon the effective operation of appliances furnished by the company for the purpose of controlling, with skill and care, the management of the train, so as not to cause damage to its own property or injury to its employes.

The only questions involved were whether the engineer had a right, by an order, to waive a rule of the company, and whether the safe execution of the order with reasonable care was prevented by defects in the machinery.