## LIABILITY OF MASTER FOR COMBINED NEGLIGENCE OF FOREMAN AND FELLOW-SERVANTS.

Circuit Court of Cuyahoga County.

THE CLEVELAND CITY FORGE & IRON COMPANY v. WILLIAM C. WELCH.*

Decided, December 4, 1911.

*Master and Servant—Negligence—Proximate Cause—Combined Negligence of Foreman and Fellow-Servants.*

In an action by a workman against his employer for damages from
   personal injuries there may be a recovery, if the workman was
   without fault and his injury was proximately caused by the com-
   bined negligence of a foreman and fellow-servants. In such case
   it is merely necessary to show that one of the co-operating causes
   of the injury was a culpable act or omission for which the master
   would be responsible, and the rule holds good, whether the other
   causes were also defaults for which the master would be respon-
   sible, or were due tó some event or condition for which he is not
   required to answer.

*Russell & Eichelberger*, for plaintiff in error.
*Harry F. Payer*, contra.

MARVIN, J.; WINCH, J., concurs; HENRY, J., dissents.

This was an action for damages for personal injuries with
verdict and judgment for the plaintiff below.

Objection is made to the language of the charge, as found on
page 282 of the record, in which the court said:

"He could not recover, as I have already indicated, by reason
of negligence on the part of his fellow-servants, but I say to you,
gentlemen, that if plaintiff's injury were proximately caused by
the combined negligence of his fellow-servants, co-operating
with the negligence of the foreman, under such circumstances
there could be recovery, if the plaintiff were himself free from
negligence causing or proximately contributing to his injury.
Of course, this is all conditioned upon the question whether

---

*Affirmed by the Supreme Court, *Cleveland City Forge & Iron Co.* v.
   *Welch*, 87 Ohio State, 512.

the plaintiff was negligent, and if his negligence caused or contributed to his injury, as I have already indicated, the existence of such negligence on the part of the plaintiff—contributory negligence—would operate to defeat a recovery."

In another part of the charge, the court substantially repeated this proposition.

The proposition stated in the charge, as an abstract proposition of law, is supported by too great weight of authority to be questioned here (*Railway Co.* v. *Henderson,* 37 Ohio State, 549, second clause of the syllabus, and the numerous authorities there cited on page 553; see also *L. S. & M. S. Ry. Co.* v. *Litz,* 18 C. C., 653; also *L. S. & M. S. Ry. Co.* v. *Feller, Admr.,* 21 C. C., 605; and *Railway Co.* v. *Hudson,* 22 C. C., 586). But it is urged that under the facts of the present case, the charge was calculated to, and probably did, mislead the jury.

This question is discussed at considerable length in *Labatt on Master and Servant,* in a number of sections. Beginning with Section 806, the author discusses the question as to the liability of a master for some negligent acts where causes intervene between the original negligent act of the master, and the actual injury to the servant; and in Section 808, he speaks of such intervening acts of responsible actors, as are not of themselves culpable, and he concludes the section with these words:

"Considering that the ultimate test of liability is whether the consequences flowing from the negligence charged were such as might reasonably have been expected, the decisions under this head can not easily be reconciled upon the facts."

In the notes under this section, numerous cases are cited, where liability was denied, as well as cases where it was affirmed. Among the latter: *Knapp* v. *Sioux City & P. R. Co.,* 71 Ia., 41 (32 N. W., 18); *Finley* v. *Richmond & D. R. Co.,* 59 Federal, 419; *Chicago G. W. R. Co.* v. *Price,* 97 Federal, 423.

Many other cases are cited and quoted from in the notes under this section.

Section 809 of Labatt is headed: "Culpable acts of responsible actors; negligence of co-servants."

In this section, too, the author points out the difficulty of fixing a boundary between the state of facts which would hold the master liable, where the intervening culpable acts are those of a fellow-servant, and where the master would be excused because of the negligence of the fellow-servant proximately causing the injury.

Section 813, of this same work, is in these words:

"Where several causes concur to produce certain results any of them many be termed 'proximate' provided it appears to have been an efficient cause."

The general rule applicable to all cases illustrating this situation, except those in which the contributory negligence of the servant himself is involved, is that in order to establish the right of action, it is merely necessary to show that one of the cooperating causes of the injury was a culpable act or omission for which the master was responsible. This rule holds good, whether the other causes were also defaults for which the master was responsible, or were due to some event or some condition for which he was not required to answer.

In the case at bar, under the charge of the court, no recovery could have been had unless the jury found that the foreman of the defendant company, Newey, was negligent in giving the order for the moving of the wrench. It was clearly pointed out to the jury in the charge that unless the foreman, in giving this order, might expect as a natural consequence that an injury would result to the plaintiff below, or somebody else, then the defendant would not be liable. Under the instructions of the court, the jury must have found, and we are not prepared to say that they were not justified in finding, that the natural result of an order given in the terms that the order was here given would be that the men to whom it was given would immediately and hurriedly move the crank, as they did move it, and that knowing as he did the position in which the plaintiff was at the time, he should have anticipated, if he had given it the thought that it was his duty to give before he caused the crank to be moved, that injury would result to the plaintiff.

It can hardly be doubted that if the foreman had himself moved the crank, as it was moved, and the plaintiff was without fault, the plaintiff could recover.   But it is urged that the action of the two men who moved the crank was an intervening cause between the order of the foreman and the plaintiff's injury. True, the actions of the men who moved the crank did intervene. That intervention on their part was either negligent or without negligence.   If it were negligent, the jury, as we think, might well find that the foreman should have anticipated such negligence on the part of those who moved the crank, if the word "negligence" is used in the sense of failing to exercise such care as they should and would under ordinary circumstances have exercised, and the authorities, to which attention has already been called, would, if the jury so found, justify the charge in this regard and justify the result reached by the jury.

If the action of the men who moved the crank was not negligent, then, under the authorities quoted, if their acts were the natural result of the order given, and the plaintiff was without fault, he would be entitled to recover.

The fact that there was a cause intervening between the negligent act of the foreman and the injury to the plaintiff, would not necessarily prevent a recovery.

If the result to the plaintiff was what might naturally and probably follow as a consequence of the negligence of the foreman, the foreman must be held to have anticipated what did result, provided, of course, the plaintiff was without fault.   This seems to us to be fully justified by the holding of our Supreme Court in the case of *Adams* v. *Young,* 44 Ohio State, 80, and *Railway Co.* v. *Snyder,* 55 Ohio State, 342.

The second paragraph of the syllabus in the first of these cases reads:

"In an action against a mill owner for damages to property caused by fire negligently or carelessly thrown by sparks from the smoke stack of the mill and carried to the property by a gale of wind blowing at the time in the direction of the property, by which fire the same was damaged; where the conditions continue the same as when the negligent and careless act was done, and no new cause intervenes, it is no defense that the fire first

burned an intervening building and was thence communicated by sparks and cinders in the same manner to the building in which such fire consumed the property, though the buildings were separated by a space of two hundred feet."

The second paragraph of the syllabus in the last of these cases reads as follows:

"The company delivering the car to the other company, should anticipate that employes of the latter would go upon and handle the car and thereby be exposed to the danger of receiving injury as a natural and probable consequence of its defective condition, and owes such employes the duty of using reasonable care to discover and remove its dangerous defects before it is so delivered. The services of such employes being necessary to accomplish the transportation intended, the delivery of the car for that purpose amounts to an invitation to them to go upon and handle the car in the course of their employment, and an assurance that they could safely do so."

Can it be said that this is inconsistent with the charge of the court given at the request of the defendant and numbered 2, which reads:

"The defendant's foreman, William Newey, in giving the order complained of by plaintiff's witnesses, assuming such order was given, could not be held to have presumed that Janosko and Verbofsky would act negligently, but on the other hand, he had a right to presume that they would act with such care as their experience and familiarity would warrant."

This request given was too favorable to the defendant, if it is inconsistent with the general charge, and surely if it was too favorable for the defendant, it can not be heard here to complain of it.

The other propositions given, taken in connection with the general charge, we think, presented the case to the jury as favorably as the defendant was entitled to. They read:

"The defendant could not be found liable in this case unless you find that the defendant's foreman, William Newey, was negligent in giving the order testified to by plaintiff's witnesses, and that such order was the proximate cause of plaintiff's injury, and by proximate cause is meant a cause from which a man of

ordinary experience and sagacity could forsee what result would likely follow; that the accident to plaintiff was of such a character as might reasonably have been foreseen as a natural and ordinary result of the order complained of.

"There could be no recovery in this case unless you should find that the defendant's foreman acted negligently in giving the order testified to by plaintiff's witnesses, and not then unless such order was the direct and proximate cause of plaintiff's injury, or produced results which a man of ordinary care and prudence could anticipate as the result of the order complained of."

On the whole, we think this case was presented to the jury in as favorable a light as the defendant was entitled to have it presented; that it has no just cause of complaint of such charge. We think, too, that the jury were fully justified in finding that the order given by Newey in the manner in which it was given, as shown by the testimony, was a negligent order. It is said that the two men to whom the order was given were experienced workmen, and that Newey had a right to understand that they would be careful not to expose the plaintiff or any one else to danger in the execution of the order.

Though the witnesses who testified as to the giving of this order do not all give it in the same words, the plaintiff's witnesses unite in saying that it was given in an earnest, forceful manner, and was accompanied by profanity, indicating that the foreman was thoroughly impatient and meant to have something done and done at once by these men; that, in short, he was ugly about it; that he did not speak to them as a careful foreman ought to address intelligent men; that it was given in such tone and manner, and accompanied by such profanity, as indicated that any delay in its execution would result, at least, in severe censure on the part of the foreman.

The plaintiff in error complains generally that the charge was not sufficiently definite in that it failed to explain to the jury what constituted negligence and the want of it. An examination of the charge seems to us to answer this, and to answer it against the plaintiff in error. The charge, including those propositions which were given at the request of the defendant, certainly, as

has already been said, submitted the case to the jury in as favorable a light as the defendant was entitled to.

Questions raised as to the rulings on evidence have been examined, and we find no erroneous rulings to the prejudice of the plaintiff in error in said rulings, nor in any part of the record which would justify a reversal, and the judgment is affirmed.